```
          IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA    )
                            )
        v.                  )    CR. NO. 1:06CR29-MHT
                            )
KEITH POUNCY                )

## PLEA AGREEMENT

DEFENSE COUNSEL:              JENNIFER HART

ASSISTANT U.S. ATTORNEY:      VERNE H. SPEIRS

### COUNT AND STATUTE CHARGED:

Count 1         18 U.S.C. § 922(g)(1)
                Felon In Possession Of A Firearm

Count 2         21 U.S.C. § 844(a)
                Simple Possession of a Controlled Substance
                (Marijuana)

Count 3         21 U.S.C. § 844(a)
                Simple Possession of a Controlled Substance
                (Cocaine)

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1         18 U.S.C. § 922(g)(1)

Count 3         21 U.S.C. § 844(a)
                Simple Possession of a Controlled Substance
                (Cocaine)

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1         18 U.S.C. § 922(g)(1)
                NMT 10Y or
                NMT $250,000 or both;
                NMT 3Y SUP REL;
                $100 AF;
                VWPA.

Count 3          21 U.S.C. § 844(a) (WITH previous drug conviction)
                 NLT $5,000 fine;
                 NLT 90 days, NMT 3 years
                 $100 Assessment Fee;
                 NMT 1Y SUP REL;
                 VWPA.

**ELEMENTS OF THE OFFENSE:**

   18 U.S.C. § 922(g)(1)

   First:    The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

   Second:   Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

   21 U.S.C. § 844(a)

   First:    That the defendant knowingly or intentionally possessed a controlled substance as charged.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Jennifer Hart, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to

2

withdraw the defendant's plea of guilty and proceed to trial.  If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Counts 1 and 3 of the Indictment, the attorney for the Government will do the following:

    a.  The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.  Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    b. The government will agree to recommend the low-end of the applicable guideline level as determined by the United States Probation Office, Middle District of Alabama.

    c. At sentencing, after the defendant has been adjudicated guilty by the District Court, the United States will dismiss Count 2 of the indictment.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### **DEFENDANT'S PROVISIONS**

3. The defendant agrees to the following:

    a. To plead guilty to Counts 1 and 3 of the Indictment.

    b. To forfeit all firearms in his possession.

    c. Not commit any State, local or federal offenses.

### **FACTUAL BASIS**

On or about April 29, 2005, in Dale County, within the Middle District of Alabama, KEITH POUNCY, defendant herein, having been convicted of the following felony, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

    1) September 8, 2004, Unlawful Possession of a Controlled Substance, Circuit Court of Coffee County, Alabama, CC-2004-26;

did knowingly possess in and affecting commerce a firearm, to-wit: a Keltec, CNC Industries, Inc. Model P11, 9mm pistol, serial number 105757, in violation of Title 18, United States Code, Section 922(g)(1).

Furthermore, on or about April 29, 2005, in Dale County, within the Middle District of Alabama, KEITH POUNCY, defendant herein, did intentionally and knowingly possess cocaine hydrochloride, in violation of Title 21, United States Code, Section 844(a).

### **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

4. The defendant, before entering a plea of guilty to Counts 1 and 3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

   d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of

the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

  g. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any

7

force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

      h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

      i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

      j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the

statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

      5. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea

is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will have the right to withdraw the plea on that basis.

This 31st day of July, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Louis V. Franklin, Sr.
Criminal Chief

_____
Verne H. Speirs
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JENNIFER HART.

_____
KEITH POUNCY/DEFENDANT

7/31/2006
Date

_____
FOR JENNIFER HART
Attorney for the Defendant

7/31/2006
Date

11